STATE OF CONNECTICUT *v.* LOUIS COGGINS ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 14012
AT NEW HAVEN

Memorandum filed February 8, 1967

*George R. Tiernan,* state's attorney, for the state.

*Hugh Price,* of New Haven, for the defendants.

PASTORE, J. The information charges both defendants "of carrying dangerous weapon in motor vehicle, at . . . New Haven, on or about November 11, 1966, in violation of § 29-38 of the General Statutes." The defendants have demurred to the information on the ground of so much of § 29-38 as reads: ". . . and the presence of any such weapon in any vehicle shall be prima facie evidence of a violation of this section by the owner, operator and each occupant thereof." The ground of the demurrer is that this portion of the statute is not valid because it violates the due process clauses of the fifth and fourteenth amendments to the United States constitution and of § 8, article first, of the Connecticut constitution.

The demurrer admits the allegations of the information that the defendants were "carrying dangerous weapons in [a] motor vehicle" on the occasion in question. *State* v. *Zazzaro,* 128 Conn. 160, 163. This leads to the question whether the offense alleged and admitted is punishable as a crime under § 29-38 of the General Statutes.

The demurrer of defendants attacks the constitutionality of § 29-38 only insofar as the prima facie evidence provision of it is concerned. Assuming, but without deciding, that the challenged portion of the statute is not valid as to an occupant of a motor vehicle, "the valid part may stand if it and the invalid part are not so mutually connected and dependent as to indicate a legislative intent that they be inseparable." *State* v. *Sul,* 146 Conn. 78, 89. Whatever the merits of the defendants' position may be as to this part of the statute, the challenged portion is not so mutually connected and dependent

upon the balance of the statute as to make it an inseparable part of the offense stated. This is for the reason that the offense of carrying a weapon in a vehicle, or of a defendant who "knowingly has, in any vehicle owned, operated or occupied by him, any weapon" without the required permit or registration, is subject to proof by evidence independent and separate from any such prima facie, presumptive evidence as is established by the statute.

A demurrer is tested by the facts provable under the allegations made. *International Union* v. *General Electric Co.,* 148 Conn. 693, 697-98.

In the instant case, whether or not the evidence of the prohibited offense will be made to rest upon the prima facie statutory presumption of the violation, or upon other independent, separate evidence, will not be known until the time of trial. "Put another way, the constitutional validity of a statute must be tested by its effect on the one who challenges it under the particular circumstances of his case and not under some other and different circumstances." *State* v. *Sul,* supra, 81.

Accordingly, the demurrer of said defendants is overruled.